IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sharon Lewis, ) | C/A No.: 2:24-4621-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND |
| Medical University of South ) | RECOMMENDATION |
| Carolina MUSC doing business as ) | |
| Medical University Hospital ) | |
| Authority (MUHA), ) | |
| ) | |
| Defendant. ) | |
| ) | |

In this employment discrimination case, Sharon Lewis ("Plaintiff") sues her former employer for violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"). Her former employer seeks dismissal, arguing Plaintiff's claim is barred by res judicata and by the applicable statute of limitations.

Plaintiff originally filed suit in the Charleston County Court of Common Pleas. Medical University of South Carolina ("MUSC" or "Defendant") removed the case to this court on August 23, 2024.

This matter comes before the court on Defendant's motion to dismiss, or in the alternative, for summary judgment. [ECF No. 4]. The motion having been briefed [*see* ECF Nos. 6, 9], it is ripe for disposition.

1

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendant's motion based on res judicata.

I.  Factual and Procedural Background

Plaintiff previously filed claims against Defendant that were removed to this court on November 16, 2022. *See Lewis v. MUSC*, C/A No. 22-4088-RMG ("*Lewis I*"). In *Lewis I*, Plaintiff alleged claims for discrimination and retaliation, ultimately resulting in her termination on September 8, 2022, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). *Lewis I*, ECF No. 1-1.

In that case, Defendant filed for summary judgment and the undersigned recommended the district judge grant the motion, (1) dismissing Plaintiff's claims as barred by Eleventh Amendment immunity, (2) dismissing Plaintiff's hostile work environment claims under the ADEA and ADA where no evidence was offered in support of these claims during the relevant period, and (3) and dismissing Plaintiff's claim that her termination was an act of discrimination and retaliation under the ADA where "Plaintiff has failed to

offer evidence of pretext that the reason provided for her termination was not the actual reason for her termination." *Lewis I*, ECF No. 53 at 23.

On May 31, 2024, the district judge adopted the R&R, noting that Plaintiff had not objected to the R&R finding that her ADA and ADEA claims were barred by the Eleventh Amendment and granting Defendant's motion for summary judgment. *Lewis I*, ECF No. 57 at 3 ("Plaintiff does not object to the R&R's finding that her ADA and ADEA claims are barred by the Eleventh Amendment. Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to dismiss Plaintiff's claims as a matter of law.") (citations omitted)).

Now, Plaintiff again alleges that Defendant discriminated and retaliated against her based on her disability, ultimately resulting in her termination on September 8, 2022. [ECF No. 1-1].

II.   Discussion

   A.   Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

B.    Analysis

"The doctrine of res judicata encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). "The doctrine of res judicata, or claim preclusion, is applied to bar a suit in light of a prior judgment when three elements are demonstrated: (1) that 'the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process'; (2) that 'the parties are identical, or in privity, in the two actions'; and (3) that 'the claims in the second matter are based upon the same cause of action involved in the earlier proceeding'—i.e., the claims 'arise out of the same transaction or series

of transactions, or the same core of operative facts.'" *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016) (citing *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315–16 (4th Cir. 1996)).

There appears to be no dispute that the present action involves claims that could have been raised in *Lewis I* or that both this case and *Lewis I* involve the same parties. However, the parties dispute whether the district court's grant of summary judgment was a judgment on the merits, with Plaintiff arguing that because her previous case was dismissed based on Eleventh Amendment immunity, res judicata does not apply.

It is an open question in the Fourth Circuit whether a dismissal on the basis of Eleventh Amendment immunity is a dismissal "on the merits" for res judicata purposes.[1] As explained by the Fourth Circuit:

> Andrews does not contest that the dismissal of his prior suit on Eleventh Amendment immunity grounds is a final judgment on the merits. Rule 41(b) of the Federal Rules of Civil Procedure provides that unless the court otherwise specifies, "a dismissal . . . other than a dismissal for lack of jurisdiction . . . operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b). Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Compare Biggs v. Meadows*, 66 F.3d 56, 58–59 (4th Cir.1995) (addressing dismissal on Eleventh Amendment grounds as dismissal for failure to state claim), *with Abril v.*

---

[1] The applicable law for purposes of res judicata is the law of the tribunal in which the prior judgment was entered. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008). Because the judgment in *Lewis I* was entered in federal court, federal law is applied regarding res judicata.

5

> *Virginia*, 145 F.3d 182, 184 (4th Cir.1998) (addressing dismissal on Eleventh Amendment grounds as dismissal for lack of subject matter jurisdiction), and *Republic of Paraguay v. Allen*, 134 F.3d 622, 626 (4th Cir.) (same), cert. denied, 523 U.S. 371, 118 S.Ct. 1352, 140 L.Ed.2d 529 (1998). For this case, we assume without deciding that a dismissal on Eleventh Amendment immunity grounds is a final judgment on the merits for purposes of res judicata.

*Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000).

But as held by courts in this district, although *Andrews* recognized a lack of clarity on this issue:

> Several recent Fourth Circuit opinions . . . have recognized the jurisdictional characteristics of the Eleventh Amendment. *See, e.g., McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014); *Carpenters Pension Fund of Baltimore v. Md. Dep't of Health & Mental Hygiene*, 721 F.3d 217, 220, 223 (4th Cir. 2013); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480–81 (4th Cir. 2005). While Eleventh Amendment immunity contains characteristics of subject matter jurisdiction in that a state may raise immunity at any time, it "is not strictly an issue of subject-matter jurisdiction" because, unlike subject matter jurisdiction, Eleventh Amendment immunity "may be waived by the [s]tate altogether." *Constantine*, 411 F.3d at 481, 482. According to the Supreme Court, "[t]he Eleventh Amendment . . . does not automatically destroy original jurisdiction. Rather, [it] grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wis. Dep't. of Corrs. v. Schacht*, 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).
>
> Though "not a true limit on the subject-matter jurisdiction of federal courts, the Eleventh Amendment is a block on the exercise of that jurisdiction." *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996) (quotation omitted); *accord Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (stating that Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction"). Once asserted by the state, such immunity becomes a threshold issue that must be resolved before the court can address any of a plaintiff's claims.

> *See Constantine*, 411 F.3d at 482 ("Given the States' unique dignitary interest in avoiding suit, it is no less important to resolve Eleventh Amendment immunity questions as soon as possible after the State asserts its immunity." (citation and footnote omitted)). In recent years, district courts within the Fourth Circuit have generally considered this immunity defense under Rule 12(b)(1). *See, e.g., Hutto v. S.C. Ret. Sys.*, 899 F.Supp.2d 457, 466 (D.S.C. 2012); *Beckham v. Nat'l R.R. Passenger Corp.*, 569 F.Supp.2d 542, 547 (D. Md. 2008). This Court will do the same.

*McCants v. Nat'l Collegiate Athletic Ass'n*, 251 F. Supp. 3d 952, 954–55 (M.D.N.C. 2017) (footnotes omitted)); *see also Williams v. Pelletier*, C/A No. 2:23-02149-DCN, 2023 WL 8627812, at *1 n.3 (D.S.C. Dec. 13, 2023), judgment entered, C/A No. 2:23-02149-DCN, 2024 WL 1075444 (D.S.C. Mar. 12, 2024) ("The recent trend, however, appears to treat Eleventh Amendment Immunity motions under Rule 12(b)(1).").

Based on the above, it appears that *Lewis I*, dismissing Plaintiff's claims based on Eleventh Amendment immunity grounds, is a final judgment on the merits for purposes of res judicata. *See, e.g., Dockery v. Berryhill*, C/A No. 3:18-56 (HEH), 2019 WL 2480046, at *4 (E.D. Va. Jan. 3, 2019) (collecting cases and holding "the District of Maryland acted pursuant to federal question jurisdiction and its dismissal of Plaintiff's claims on sovereign immunity grounds served as a final judgment on the merits"), report and recommendation adopted, C/A No. 3:18-56-HEH, 2019 WL 1379933 (E.D. Va. Mar. 27, 2019).

7

However, even if it were not, as argued by Defendant, the district court's order and opinion issued in *Lewis I* adopted the R&R in full that recommended grant of summary judgment on Eleventh Amendment grounds as well as additional grounds, although the district court also stated in the order that it "accepts the Magistrate Judge's recommendation to dismiss Plaintiff's claims as a matter of law." *Lewis I*, ECF No. 57 at 3.

As argued by Defendant:

> The Court's order in *Lewis I* does not state it is adopting the Magistrate Judge's report and recommendation only in part or only partially. Instead of reading the Court's Order and Opinion in *Lewis I* as a whole, Lewis only focuses on particular language in the Order and Opinion.[2]
>
> Further, the Court's Order and Opinion in *Lewis I* makes clear that Lewis failed to raise objections regarding the Magistrate Judge's report and recommendation as to the application of

---

[2] As to this court's grant of summary judgment not involving Eleventh Amendment immunity, the Fourth Circuit has recognized that "'[f]or purposes of res judicata, a summary judgment has always been considered a final disposition on the merits.'" *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (citing *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 n. 3 (4th Cir. 1984)); *see also Dunbar v. Sterling*, C/A No. 9:22-01925-MGL-MHC, 2024 WL 1999754, at *5 (D.S.C. Apr. 16, 2024) (summary judgment is "a final adjudication on the merits"), report and recommendation adopted, C/A No. 9:22-01925-MGL, 2024 WL 1990969 (D.S.C. May 6, 2024); *Davis v. Med. Univ. of S.C. Physicians*, C/A No. 2:15-3043-RMG, 2016 WL 4402823, at *2 (D.S.C. Aug. 17, 2016) ("An order granting summary judgment is a final judgment for purposes of res judicata."); *see also, e.g. Heike v. Cent. Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 480 (6th Cir. 2014) ("Nevertheless, because the district court cited a separate final adjudication on the merits as an additional, independently sufficient basis for its claim-preclusion determination, we need not decide whether a dismissal based on sovereign immunity is sufficiently jurisdictional in nature to bar the application of claim preclusion in a future action.").

> Eleventh Amendment immunity. If Lewis's contention regarding application of res judicata in this case were adopted, it would allow, and incentivize, litigants similar to Lewis to purposefully not raise certain, available objections, such as objections to immunities issues, as to a magistrate judge's report and recommendation in hope summary judgment might be granted on those unraised issues only and, consequently, that they might again pursue their claims by way of some other cause of action and avoid the application of the doctrine of res judicata.

[ECF No. 9 at 3–4].

Finally, the undersigned notes the Fourth Circuit's direction that the doctrine of res judicata is a "'practical doctrine' that looks to whether a party 'has previously had a fair shot with respect to the claims raised in the present action.'" *Chin-Young v. United States*, 774 F. App'x 106, 114 (4th Cir. 2019) (citing *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017)). There is no dispute that Plaintiff could have brought her Rehabilitation Act claim in *Lewis I*.

For these reasons, the undersigned recommends the district judge grant Defendant's motion to dismiss, dismissing Plaintiff's claims as barred by the doctrine of res judicata.[3]

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendant's motion to dismiss. [ECF No. 4].

---

[3] Given the recommendation above, the court need not address the parties' additional arguments concerning the applicable statute of limitations.

      IT IS SO RECOMMENDED.

September 23, 2024                Shiva V. Hodges  
Columbia, South Carolina       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).