# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Sharon Lewis,<br><br>      Plaintiff,<br>v.<br><br>Medical University of South Carolina (MUSC) d/b/a Medical University Hospital Authority,<br><br>      Defendant. | Case No. 2:24-cv-04621-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Defendant's motion to dismiss be granted. (Dkt. No. 10). After Defendant filed a motion to dismiss (Dkt. No. 4), Plaintiff responded (Dkt. No. 6), and Defendant replied. (Dkt. No. 9). After the R&R (Dkt. No. 10), Plaintiff objected (Dkt. No. 11), and Defendant replied. (Dkt. No. 12). For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendant's motion to dismiss (Dkt. No. 4), dismissing Plaintiff's claims as barred by the doctrine of *res judicata*.

## I.    Background

This suit arises from Plaintiff's claim that she was a victim of discrimination and retaliation, resulting in her termination on September 8, 2022, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"). (Dkt. No. 1). Plaintiff previously filed these claims against Defendant, which were removed to this Court on November 16, 2022. *See Lewis v. MUSC*, C/A No. 22-4088-RMG ("*Lewis I*").

In *Lewis I*, Defendant moved for summary judgment and the Magistrate Judge recommended granting the motion, (1) dismissing Plaintiff's claims as barred by Eleventh Amendment immunity, (2) dismissing Plaintiff's hostile work environment claims under the ADEA and ADA where no evidence was offered in support of these claims during the relevant period, and (3) and dismissing Plaintiff's claim that her termination was an act of discrimination and retaliation under the ADA noting that "Plaintiff has failed to offer evidence of pretext that the reason provided for her termination was not the actual reason for her termination." *Lewis I*, Dkt. No. 53 at 23.

On May 31, 2024, this Court adopted the R&R in *Lewis I*, noting that Plaintiff had not objected to the R&R finding that her ADA and ADEA claims were barred by the Eleventh Amendment, and granting Defendant's motion for summary judgment. *Lewis I*, Dkt. No. 57 at 3.

Plaintiff's current complaint again alleges that Defendant discriminated and retaliated against her based on her disability, ultimately resulting in her termination. (Dkt. No. 1-1).

**II.     Legal Standard**

**A.  Review of R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the

3

Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Discussion

Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). "The doctrine of *res judicata*, or claim preclusion, is applied to bar a suit in light of a prior judgment when three elements are demonstrated: (1) that 'the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process'; (2) that 'the parties are identical, or in privity, in the two actions'; and (3) that 'the claims in the second matter are based upon the same cause of action involved in the earlier proceeding'—i.e., the claims 'arise out of the same transaction or series of transactions, or the same core of operative facts.'" *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016) (citing *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315–16 (4th Cir. 1996)).

FRCP Rule 41(b) states that an involuntary "dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join

a party under Rule 19—operates as an adjudication on the merits." The Fourth Circuit has acknowledged that "'[f]or purposes of *res judicata*, a summary judgment has always been considered a final disposition on the merits.'" *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir.1989) (quoting *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 n. 3 (4th Cir.1984)).

The Court agrees with the Magistrate Judge's analysis of *res judicata* in this case. It is undisputed that the present action involves claims that Plaintiff could have raised in *Lewis I* and that both this case and *Lewis I* involve the same parties. The dispute is whether this Court's grant of summary judgment in *Lewis I* was on the merits. Plaintiff argues that *res judicata* does not apply here because *Lewis I* was dismissed based on Eleventh Amendment immunity.

The Magistrate Judge correctly found that the order in *Lewis I*, dismissing Plaintiff's claims based on Eleventh Amendment immunity grounds, was a final judgment on the merits for purposes of *res judicata*. The Court agrees with the Magistrate Judge and Defendant's claim that allowing Plaintiff to continue with her claims would incentivize other litigants to refuse raising certain objections to an R&R in hope of avoiding *res judicata* if summary judgment was granted on unraised issues. (Dkt. No. 9, at 3-4). Further, as the Magistrate Judge explained, the Fourth Circuit has noted that the doctrine of *res judicata* is a "'practical doctrine' that looks to whether a party 'has previously had a fair shot with respect to the claims raised in the present action.'" *Chin-Young v. United States*, 774 F. App'x 106, 114 (4th Cir. 2019) (citing *SAS Inst., Inc. v. World Programming Ltd.,* 874 F.3d 370, 378 (4th Cir. 2017)). There is no dispute that Plaintiff could have brought her Rehabilitation Act claim in *Lewis I*.

This Court's dismissal of *Lewis I* was final and on the merits, and both the current case and *Lewis I* involved the same parties and the claims are based on the same cause of action. Therefore,

5

Plaintiff's complaint, alleging that Defendant discriminated and retaliated against her based on her disability, is barred by the doctrine of *res judicata*. (Dkt. No. 1-1).

### IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 10) as the Order of the Court, and **GRANTS** Defendant's motion to dismiss (Dkt. No. 4).

**AND IT IS SO ORDERED.**

    s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

November 5, 2024
Charleston, South Carolina