**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Sharon Lewis, | Case No. 2:24-cv-04621-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Medical University of South Carolina (MUSC) d/b/a Medical University Hospital Authority, | |
| Defendant. | |

Before the Court is Defendant's bill of costs (Dkt. No. 15), Plaintiff's response (Dkt. No. 16), and Defendant's reply (Dkt. No. 17). For the reasons set forth below, the Court awards the costs itemized in Defendant's bill of costs.

## I.    Background

This suit arises from Plaintiff's claim that she was a victim of discrimination and retaliation, resulting in her termination on September 8, 2022, allegedly in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA") and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"). (Dkt. No. 1). Plaintiff previously filed these claims against Defendant, which were removed to this Court on November 16, 2022. *See Lewis v. MUSC*, C/A No. 22-4088-RMG ("*Lewis I*"). After this Court dismissed Lewis 1, Plaintiff brought the current action alleging that Defendant discriminated and retaliated against her based on her disability, ultimately resulting in her termination. (Dkt. No. 1-1).  This Court entered judgment for Defendants and dismissed Plaintiff's claim as barred by the doctrine of *res judicata*. (Dkt. No. 13).

1

Defendant paid a $405.00 filing fee to remove the current case to this court, and now requests that Plaintiff reimburse Defendant for that cost. (Dkt. No. 15).

## II.        Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." A prevailing party is one in whose favor a judgment is rendered, materially altering the legal relationship between the parties. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). By the language of Rule 54, there is a presumption in favor of awarding costs to a prevailing party. *See Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). Among the factors that justify denying the prevailing party costs are: (i) misconduct by the prevailing party; (ii) the unsuccessful party's inability to pay the costs; (iii) the excessiveness of the costs in a particular case; (iv) the limited value of the prevailing party's victory; or (v) the closeness and difficulty of the issues decided. *Id.* If an award of costs to a prevailing party is deemed appropriate, the court generally looks to 28 U.S.C. § 1920 to determine what costs may be taxed against the losing party. Local Rule 54.03 also provides guidance on the costs normally allowed by courts in this District.

## III.        Discussion

Defendant is a prevailing party having been granted a dismissal of Plaintiff's complaint. (Dkt. No. 13). Further, none of the *Teague* factors weigh in favor of denying costs: Plaintiff does not raise any issue of misconduct, that the costs are excessive, that granting Defendant's motion to dismiss has limited value, or that the issues were difficult. Finally, while Plaintiff alleged financial difficulty in paying the costs, she has provided no affidavit or any other material to

support her contention. Plaintiff has failed to rebut the presumption in favor of awarding costs to the prevailing party.

Defendant requests $405 in Court fees for the removal of this action. That is permissible under 28 U.S.C. § 1920(1), and therefore the Court awards that cost to Defendant's.

## IV.     Conclusion

In light of the foregoing, the Court **GRANTS** Defendant's bill of costs (Dkt. No. 15) and **AWARDS** costs in the amount of $405.00 to Defendant.

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

December 5, 2024
Charleston, South Carolina